[No. B114847. Second Dist., Div. Four. Sept. 13, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL R. SOTO et al., Defendants and Appellants.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Factual and Procedural Summary and parts I, II, III, IV, V, VII and VIII.

**COUNSEL**

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant Paul R. Soto.

Tracy J. Dressner, under appointment by the Court of Appeal, for Defendant and Appellant Michael Alvarado.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, J.**—Paul R. Soto and Michael Alvarado appeal from their judgments of conviction by jury trial of murder (Pen. Code, § 187)[1] and attempted robbery (§ 664/211).

In the published portion of this opinion, we consider Alvarado's argument that the trial court erred in refusing to reduce his first degree murder conviction to manslaughter. We conclude that since there is no basis in the

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

evidence to justify a reduction of Alvarado's conviction to manslaughter, the trial court did not err in denying Alvarado's request. We also conclude that, while the evidence establishes that Alvarado committed first degree felony murder, rather than second degree murder, he cannot complain of error in the second degree murder conviction and sentence since any error was favorable to him.

In the unpublished portion of this opinion, we address the other arguments raised in the appeal. Soto argues that police officers persisted in questioning him after he had asked for an attorney, in violation of his rights under *Miranda* v. *Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974] (hereafter *Miranda*). We conclude that Soto's invocation of his right to counsel was equivocal and find no violation of his rights. Soto also argues the trial court erred in denying his requested instructions to inform the jury that Manuel Rivera and Valerie Garcia were accomplices, and consequently, that their testimony had to be corroborated by another witness. These two witnesses were accessories after the fact, but not accomplices. The trial court was not required to give the accomplice instruction. Soto and Alvarado argue the prosecutor committed misconduct by displaying a large weapon in front of the jury, although it was not proved to be the murder weapon. We conclude that the rulings by the trial court and its admonition to the jury on this subject were adequate. We find no basis to reverse Soto's conviction.

Alvarado argues that his punishment is constitutionally excessive. We conclude that it is not. He also raises a *Miranda* issue. He contends that he was subjected to custodial interrogation, but was not given the requisite admonitions of his rights. We conclude that the interrogation was not custodial, and hence that the officers were not obligated to admonish Alvarado of his rights. Alvarado challenges the sufficiency of the evidence to prove that he aided and abetted Soto. We find ample evidence that he was an aider and abettor. Alvarado made three *Wheeler*[2] motions on the grounds that the prosecutor used peremptory challenges based on suspect classifications. We find no error in the trial court's rulings rejecting these motions.

FACTUAL AND PROCEDURAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I-V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[2]*People* v. *Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748].
*See footnote, *ante,* page 1099.

## VI

■ Alvarado argues that his sentence is disproportionate to his level of culpability and must be reduced further to manslaughter. On his motion, the trial court reduced his conviction from first degree murder to second degree murder. But Alvarado contends that the trial court erred in concluding that it lacked the authority to reduce it further to manslaughter.

After his conviction, Alvarado moved to have his sentence reduced under *People* v. *Dillon* (1983) 34 Cal.3d 441 [194 Cal.Rptr. 390, 668 P.2d 697]. At the hearing on the motion, the trial court said that it was familiar with *Dillon* and its progeny, but could find no case allowing reduction from first degree murder to manslaughter. The prosecutor supported reduction of the offense to second degree murder. The trial court reduced the conviction to second degree murder.

In *Dillon*, the Supreme Court reduced a conviction for first degree felony murder to second degree murder because, in its view, the sentence for the former was excessive and a constituted cruel or unusual punishment. (34 Cal.3d at p. 489.) "Successful challenges based on proportionality are extremely rare. [Citation.] The defendant must show the sentence is ' "out of all proportion to the offense" ' and that it offends 'fundamental notions of human dignity.' (*In re Lynch* (1972) 8 Cal.3d 410, 424 [105 Cal.Rptr. 217, 503 P.2 921], fn. omitted.)" (*People* v. *Kelley* (1997) 52 Cal.App.4th 568, 583 [60 Cal.Rptr.2d 653].)

Here, the trial court did what the *Dillon* court did: it reduced the offense from first degree felony murder to second degree murder. Justice Mosk, writing for the *Dillon* majority said: "[B]ecause [Dillon] intentionally killed the victim without legally adequate provocation, defendant may and ought to be punished as a second degree murderer." (34 Cal.3d at p. 489.) Unlike appellant, who was merely an aider and abettor, Dillon personally killed the victim. The Supreme Court found that Dillon acted with an intent to kill consistent with second degree murder, and reduced the offense accordingly.

Appellant argues that the trial court expressed a desire to further reduce his conviction and that it erred in concluding it had no discretion to do so.

The problem with appellant's argument is that his conduct did not constitute manslaughter. Manslaughter is defined in section 192 as "the unlawful killing of a human being without malice. It is of three kinds: [¶] (a) Voluntary—upon a sudden quarrel or heat of passion. [¶] (b) Involuntary—in the commission of an unlawful act, not amounting to felony; or in

the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection. . . ." In our case, as in *Dillon*, the evidence at trial established that there was no provocation for the homicide, making voluntary manslaughter inapplicable. The crime was not involuntary manslaughter because the homicide was not the result of a lawful act performed unlawfully or with criminal negligence, nor was it the product of an unlawful act not amounting to a felony. In sum, the evidence did not support a reduction to either form of manslaughter.

Neither was the crime second degree murder. The victim was killed during the attempted commission of a robbery. Under section 189, a murder in the attempted commission of a robbery is of the first degree. But appellant cannot be heard to complain over an error favorable to him. In *People* v. *Powell* (1949) 34 Cal.2d 196 [208 P.2d 974], the defendant was charged with performing an abortion on a patient which resulted in her death. That offense was second degree murder. The trial court, sitting without a jury, found Powell guilty of manslaughter. On appeal, Powell argued that the trial court did not have the power to find him guilty of manslaughter, and that he was guilty of second degree murder or of no crime at all.

The Supreme Court disagreed: "It cannot be doubted that a trier of fact has and often exercises the *power*, because of obvious extralegal factors or for no apparent reason, to find a defendant guilty of a lesser degree or class of crime than that shown by the evidence. [¶] Furthermore, even if it be assumed that the trier of fact erred here when he found defendant guilty only of manslaughter, defendant cannot invoke reversal on an error which is favorable to him. [Citations.] An appellant is precluded from complaining that he was convicted of a lesser offense than the one of which he is guilty according to undisputed evidence, . . . [Citations.]" (*People* v. *Powell*, *supra*, at pp. 205-206, italics in original, fn. omitted; see also *People* v. *Lee* (1999) 20 Cal.4th 47, 64-65 [82 Cal.Rptr.2d 625, 971 P.2d 1001] [defendant cannot appeal error in conviction of voluntary manslaughter where evidence supports conviction of second degree murder].)

Under these circumstances, we conclude that the trial court was correct in ruling that it had no basis to further reduce appellant's conviction and sentence to manslaughter. We turn to Alvarado's argument that his sentence constitutes cruel or unusual punishment.

VII, VIII*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 1099.

## Disposition

The judgments of conviction are affirmed.

Vogel (C. S.), P. J., and Curry, J., concurred.

A petition for a rehearing was denied October 7, 1999, and appellants' petition for review by the Supreme Court was denied December 15, 1999.